IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY T. ROBINSON,

      Plaintiff,

v.                             Civil Action No. 1:06cv174

FEDERAL BUREAU OF PRISONS,
UNITED STATES DEPARTMENT
OF JUSTICE, DOMINIC A. GUTIERREZ,
DR. MICHAEL WATERS, LEWIS
BRESCOACH,

      Defendants.


          **ORDER ADOPTING IN PART AND REJECTING IN PART
          THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      In this order the Court reviews the Magistrate Judge's Report and Recommendation concerning a civil rights complaint by pro se plaintiff Anthony Robinson ("Robinson") seeking an order from the Court requesting surgery. For the reasons set forth below, the Court **ADOPTS-IN-PART** and **REJECTS-IN-PART** the Magistrate Judge's Report and Recommendation and **DISMISSES WITH PREJUDICE** Robinson's complaint.

                            **I. BACKGROUND**

      On December 4, 2006, Anthony Robinson ("Robinson") filed a complaint pursuant to 42 U.S.C. § 1983 styled "Emergency Motion for the Court's Intervention for Movant to Obtain Proper Medical [sic]." Robinson, a prisoner at the Federal Corrections Institution in Morgantown ("FCI-Morgantown"), proceeding in forma pauperis, asks the Court to order surgery to alleviate pain

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

stemming from his osteoarthritis. In his supporting brief, Robinson alleges that the medical treatment he has received in prison has not effectively treated his pain, and that the only proper treatment is surgery. Robinson further alleges that defendants, the Bureau of Prisons ("BOP"), the Department of Justice ("DOJ"), the warden of FCI-Morgantown, Dominic Gutierrez ("Warden Gutierrez"), Dr. Michael Waters ("Waters") and Lewis Brescoach ("Brescoach"), have all played a role in denying his requested surgery in violation of the prohibition against cruel and unusual punishment in the Eighth Amendment of the United States Constitution.

In accordance with Local Rule of Prisoner Litigation 83.02 et seq., the Court referred the matter to Magistrate Judge John S. Kaull for a preliminary review pursuant to 28 U.S.C. §§ 1915(e) and 1915A. In his Report and Recommendation, issued on January 24, 2007, Magistrate Judge Kaull construed Robinson's claims not as arising under 42 U.S.C. § 1983, but rather as claims asserted pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The Magistrate Judge recommended that Robinson's claims against the BOP and DOJ be dismissed with prejudice because a Bivens cause of action is only available

against individuals, not federal agencies. Magistrate Judge Kaull further recommended dismissal with prejudice of Robinson's claims against Warden Gutierrez since his alleged liability depends on a theory of respondeat superior that is likewise unavailable under <u>Bivens</u>. Finally, the Magistrate Judge recommended that Robinson's claims against Waters and Brescoach be dismissed because Robinson failed to show that their refusal to perform surgery amounted to deliberate indifference to Robinson's medical condition – the standard required to sustain an Eighth Amendment claim. Magistrate Kaull noted that the prison staff has in fact evaluated and treated Robinson's medical conditions and that Robinson's mere disagreement concerning the proper diagnosis does not rise to the level of deliberate indifference. However, Magistrate Judge Kaull dismissed claims against Waters and Brescoach without prejudice, apparently to give Robinson the opportunity to more clearly state which specific members of the FCI-Morgantown medical staff allegedly violated his Eighth Amendment rights.

On February 12, 2007, Robinson objected to Magistrate Judge Kaull's recommendation on the grounds that Gutierrez, Waters and Brescoach were all individually liable because they had all signed administrative remedy documents that denied him relief. Robinson,

however, did not object to Magistrate Judge Kaull's recommendation to dismiss the BOP and DOJ as defendants from this action.

## II. STANDARD OF REVIEW

The Court liberally construes pro se complaints that raise civil rights issues. Gordon v. Leeks, 574 F.2d 1147, 1151 (4th Cir. 1978). However, even under that liberal standard, the court has the authority to dismiss an in forma pauperis action that is frivolous or malicious or that fails to state a claim for which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Such dismissal is proper when, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear that, as a matter of law, no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002).

Following a magistrate judge's report and recommendation concerning a prisoner's complaint, the Court will review de novo any portions of the report and recommendation to which a specific objection is made, 28 U.S.C. § 636(b)(1), and the Court may adopt, without explanation, any of the magistrate judge's recommendations

to which the prisoner does not object. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

### III. ANALYSIS

Robinson brought his complaint under 42 U.S.C. § 1983. However, since § 1983 remedies are only available against state actors, Gomez v. Toledo, 446 U.S. 635 (1980), the Court construes Robinson's complaint as arising under Bivens - an analogous cause of action against federal actors. Hartman v. Moore, 547 U.S. ___, 126 S. Ct. 1695, 1700 (2006). Thus, to the extent that Robinson asserted claims under 42 U.S.C. § 1983, those claims are **DISMISSED WITH PREJUDICE**.

**A. Claim Against Gutierrez**

In his complaint, Robinson gave no details concerning his claim against Warden Gutierrez. Essentially, Robinson alleges that Warden Gutierrez is liable, as warden of FCI-Morgantown, for the actions of his subordinates under a theory of respondeat superior. However, as Magistrate Judge Kaull correctly noted, in a Bivens suit, there is no respondeat superior liability. Liability under Bivens "is personal, based upon each defendant's own constitutional violations. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART**
**THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Though supervisory constitutional liability may arise when the violation occurs pursuant to an official policy, Orum v. Haines, 68 F. Supp. 2d 726 (N.D. W.Va. 1999), or when supervisors tacitly authorize or are indifferent to their subordinates' constitutional violations, Slakan v. Porter, 737 F.2d 368, 372 (4th Cir.1984), Robinson makes no allegations along those lines.

Robinson's only specific allegation, made for the first time in his objection to the Magistrate Judge's Report and Recommendation, is that Warden Gutierrez "signed documents (or Administrative Remedy Requests) denying Plaintiff any relief or correct medical care . . . ." Not only did Robinson not raise this claim in his complaint, but such a claim, even if properly made, falls well short of alleging the personal involvement required to sustain supervisory liability.

Gutierrez is entitled to rely on the medical judgment of his subordinates. Miltier v. Beorn, 896 F.2d 848, 854 -855 (4th Cir. 1990). "Where the plaintiff-inmate's complaint nowhere indicated that supervisory defendants neglected his needs, and where the prison physician promptly saw the plaintiff and engaged in a course of treatment, the supervisory defendants were beyond any doubt not liable to the plaintiff under any conceivable state of facts." Id.

6

at 855 (citing Boyce v. Alizaduh, 595 F.2d 948, 953 (4th Cir.1979)). The record discloses that Robinson self-reported to FCI-Morgantown at the beginning of January, 2006, was first medically evaluated on January 3, 2006 and has been evaluated by prison medical staff at least five times thereafter. The medical response to Robinson's claims does not suggest deliberate indifference; on the contrary, it bears the hallmarks of responsive medical treatment. Therefore, signing forms in reliance on such treatment by his subordinates does not subject Warden Gutierrez to constitutional liability under Bivens. Accordingly, the Court **ADOPTS** Magistrate Judge Kaull's Report and Recommendation concerning Robinson's claims against Warden Gutierrez and **DISMISSES WITH PREJUDICE** those claims.

**B. Claims against Waters and Brescoach**

Robinson maintains that, despite the medical attention he has received at FCI-Morgantown, his level of medical care is so deficient as to violate the Eighth Amendment's prohibition against cruel and unusual punishment. To show that his Eighth Amendment rights have been violated, Robinson must prove first, an objective component – that the deprivation of a basis human need was sufficiently serious; and, second, a subjective component - that

the prison official acted with a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S.294, 298 (1991).

The objective component of the test is met if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999).

The subjective component of the test is met by showing deliberate indifference by prison officials. Wilson, 501 U.S. at 303. A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "To establish that a healthcare provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir.1990). A prisoner does not state a valid Eighth Amendment claim simply because he disagrees with prisoner medical personnel

concerning his treatment. <u>Wright v. Collins</u>, 766 F.2d 841, 849 (4th Cir.1985). Moreover, even negligence in diagnosis or treatment decisions does not state a federal claim, <u>Estelle</u>, 429 U.S. at 105-106, because the Court will not review questions of medical judgment, <u>Russell v. Sheffer</u>, 528 F.2d 318 (4th Cir.1975).

Robinson's allegations simply do not meet the demanding Eighth Amendment standard. As mentioned previously, the record demonstrates that Robinson has been evaluated and treated several times by prison medical personnel. Although Robinson claims that "medical staff" members at FCI-Morgantown told him that surgery was "the only proper medical treatment," that allegation is not corroborated by the record, and would, at any rate, be contradicted by the official recommendations of his treating physicians. Robinson was evaluated upon his arrival at FCI-Morgantown and has been re-evaluated and treated throughout his incarceration. He has been prescribed pain medication and walking aids, and has also been exempted from more strenuous prison activities. The judgment of prison physicians is that further diagnostic consults or surgery would do nothing to alleviate Robinson's osteoarthritis pain. It is clear that Robinson disagrees with his physicians; it is also clear, however, that his disagreement cannot serve as a predicate

for a deliberate indifference claim.

Because Robinson's underlying theory of liability is inadequate as a matter of law, the Court will not give him leave to name different defendants - his claims would fail against whomever they were alleged. Accordingly, the Court **REJECTS** the Magistrate's Report and Recommendation concerning Robinson's claims against Waters and Brescoach and **DISMISSES WITH PREJUDICE** those claims.

**C. Claims against the BOP and DOJ.**

Because Robinson did not object to the Magistrate Judge's Report and Recommendation concerning his claims against the BOP and DOJ, the Court may adopt those recommendations without further discussion. It is worth noting, however, that a Bivens cause of action only lies against individuals, and is therefore unavailable against federal agencies. Correctional Services Corp. v. Malesko, 534 U.S. 61, 70-71 (U.S. 2001). Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation concerning Robinson's claims against the BOP and DOJ, and **DISMISSES WITH PREJUDICE** those claims.

**IV. Conclusion**

For the reasons stated above, the Court **ADOPTS-IN-PART** and **REJECTS-IN-PART** Magistrate Judge Kaull's January 24, 2007 Report

and Recommendation (dkt. no. 11-1), **OVERRULES** Robinson's objections (dkt. no. 12) and **DISMISSES WITH PREJUDICE** Robinson's complaint (dkt. no. 1).

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the <u>pro se</u> plaintiff and any counsel of record.

Dated: March 1, 2007

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE